**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAN M. RENFROE, | No.    18-35074 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00194-SMJ |
| v. | |
| CITIBANK, NA, as trustee of NRZ Pass-Through Trust VI; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted April 8, 2019[**]
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Jan M. Renfroe appeals the district court's denial of her

motion to remand and the district court's order granting summary judgment to

Defendants-Appellees Citibank, N.A. (Citibank) and Mortgage Electronic

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Registration Systems, Inc. (MERS) (collectively, Defendants).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's order denying Renfroe's motion to remand and affirm the district court's order granting summary judgment to Defendants.[2]

1. Motion to Remand. We review de novo a district court's "[d]enial of a motion to remand a case to state court for lack of removal jurisdiction[.]" *United Comp. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002). Cases removed on the basis of diversity jurisdiction must present parties whose citizenship is completely diverse and contest an amount greater than $75,000. 28 U.S.C. § 1332(a). "[E]ven if a case were not removable at the outset," it may be "rendered removable by virtue of a change in the parties[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). We "disregard nominal or formal parties" for purposes of determining diversity jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

Before Defendants removed this case to federal court, Renfroe and Defendant Quality Loan Service Corporation of Washington (QLS) entered into a "Stipulation of Nonparticipation as to [QLS]" that stated that Renfroe "is not and

---

[1] As the parties are familiar with the facts, we do not recount them here.

[2] Because we affirm the district court's denial of Renfroe's motion to remand, we deny Renfroe's motion for attorneys fees, dkt. # 42.

shall not be seeking any monetary damages against [QLS] at this time and therefore will revise the complaint in this matter to name [QLS] as a 'Nominal Defendant' instead of as a Defendant[.]" QLS was thereafter a nominal party and the case was rendered removable because the remaining parties were all citizens of different states. The district court did not err in denying Renfroe's motion to remand, and QLS has remained a nominal defendant throughout the action.

2. Motion for Summary Judgment. We review de novo a district court's order granting summary judgment. *S. Ca. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). Renfroe argues that the district court should have denied Defendants' motion for summary judgment on her Washington Deed of Trust Act, Wash. Rev. Code §§ 61.24 *et seq.*, (DTA) claims because genuine issues of material fact exist pertaining to statutory compliance. We agree with the district court that Bank of America's notice of default complied with statutory requirements. *See* Wash. Rev. Code § 61.24.030(8)(l). We also agree that Citibank's beneficiary declaration accompanying the notice of sale complied with statutory law. *See id.* § 61.24.030(7)(a). We affirm the district court's order granting summary judgment to Defendants on Renfroe's DTA claims.

Renfroe next asserts that the district court should have denied Defendants' motion for summary judgment on Renfroe's Washington Consumer Protection

3

Act, Wash. Rev. Code §§ 31.04 *et seq*., (CPA) claims. To establish a private claim under the CPA, a plaintiff must establish: (1) "an unfair or deceptive act or practice;" (2) that "occurred in the conduct of trade or commerce;" (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535–39 (Wash. 1986) (en banc). The failure to establish even one of these elements is fatal to a plaintiff's claim. *Id.* at 539. Turning to the last element, Renfroe's CPA claims against Citibank and MERS fail because Renfroe does not allege facts sufficient to establish that she would not have suffered an injury but for Citibank's or MERS's allegedly unfair or deceptive act. *See Bavand v. OneWest Bank, FSB*, 385 P.3d 233, 248–49 (Wash. Ct. App. 2016). We affirm the district court's order granting summary judgment to Defendants on Renfroe's CPA claims.

Renfroe also contends that the district court erred in granting summary judgment to Defendants on Renfroe's quiet title action because the foreclosure was untimely under Washington law. "[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after . . . the accelerated due date." Wash. Rev. Code § 62A.3-118(a). The district court assumed that the July 16, 2009 Notice of Intent to Accelerate in fact operated to

4

accelerate the debt. Regardless of whether or not the July 2009 Notice accelerated the debt, foreclosure was timely because foreclosure proceedings commenced on May 9, 2014 when Bank of America issued the notice of default. *See Edmundson v. Bank of America*, 378 P.3d 272, 277 (Wash. Ct. App. 2016) (indicating that "all that is required" to commence a foreclosure proceeding within the six-year period of the statute of limitations is to issue a notice of default). We affirm the district court's order granting summary judgment to Defendants on Renfroe's quiet title claim.

**AFFIRMED**